

FILED
FEB 17 2009

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

**MUELLER PALLETS, INC.**

    Plaintiff

vs.

**VERMEER CORPORATION**

    Defendant.

Case No. 09-4016

**COMPLAINT**

---

COMES NOW, the Plaintiff, Mueller Pallets, Inc., by and through its attorneys, Michael F. Marlow and Sheila S. Woodward, and for its Complaint and causes of action against the Defendant, Vermeer Corporation, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a corporation duly organized and existing under the laws of the State of South Dakota, with its principal place of business located at Tea, South Dakota and is engaged in the business of grinding waste wood products, among other pursuits.

2. Defendant is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business located at Pella, Iowa and is engaged in the business of manufacturing and selling tub grinders for the grinding of waste wood products.

3. That the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00) and this Court has jurisdiction pursuant to 28 USC §1332.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT (TUB GRINDER PURCHASE)

4. On or about August 30, 2007, Plaintiff and Defendant entered into contract by which Plaintiff agreed to purchase and Defendant agreed to sell a model TG-5000 tub grinder (s/n 116) for the price of $$534,560.00 (including sales tax). At the time of placing the order and agreeing to purchase, Plaintiff made known to Defendant or Defendant's agent its requirement that the tub grinder grind various waste wood products found at municipal landfills and other locations.

5. At the time of the execution of the contract, Defendant knew that Plaintiff planned to use the grinder to grind waste wood products. After the purchase, Plaintiff has used the grinder for its intended purpose.

6. Plaintiff has completely performed all its obligations under the contract.

7. Defendant breached the contract by accepting full payment from Plaintiff but delivering a tub grinder that was not suitable for its purpose as contemplated by the contract.

8. Plaintiff did not know that the tub grinder was unsuitable for grinding waste wood products at the time it accepted delivery. The defects in the tub grinder could not have been reasonably discovered by Plaintiff at that time.

9. The tub grinder has substantial defects in design and manufacture, including severe and abnormal vibrations, defective display screen, holes in cylinders, broken latches, cracking of defective metal components and other defects which rendered the tub grinder unusable.

10. As a result of Defendant's breach of the contract, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT (REPAIRS AND EXTENDED WARRANTY)

11. Plaintiff re-alleges and incorporates the foregoing paragraphs where material.

12. On May 21, 2008, Plaintiff and Defendant entered into a contract whereby Defendant agreed to remedy and repair existing defective conditions and extend the warranty on the tub grinder.

13. As a part of the May 21, 2008 agreement, Plaintiff agreed to waive claims against Defendant that existed at the time of the extended warranty agreement.

14. Defendant has not performed material portions of the extended warranty agreement, such as rerouting hydraulic lines, and, as a result, the extended warranty agreement should be rescinded and rendered of no force or effect.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

15. Plaintiff re-alleges and incorporates the foregoing paragraphs where material.

16. Defendant negligently designed and manufactured the tub grinder as to cause it to be defective, dangerous, unsafe and unfit for sale and use, in that the tub grinder has never operated appropriately and efficiently and has required maintenance and repairs far in excess of what would be expected.

17. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained damages including, but not limited to, increased labor, permitting and transportation costs, loss of profits, losses from interruption of business and lost business opportunities. These damages are continuing to accrue and Plaintiff will seek permission of the court to amend its request for relief at the time of trial to reflect additional damages sustained after the filing of this complaint.

Mueller Pallets, Inc v. Vermeer Corporation
Complaint

## FOURTH CAUSE OF ACTION
## STRICT LIABILITY

18. Plaintiff re-alleges and incorporates the foregoing paragraphs where material.

19. The product that is the subject of this lawsuit was defectively designed, manufactured, and sold, in that while the tub grinder being used in the manner prescribed by Defendant, it failed to operate in the manner in which it was expected and intended, resulting in property, economic, and other damages and losses to Plaintiff.

20. As a direct and proximate result of the defects in the manufacture of the tub grinder, Plaintiff has sustained damages as described above.

## FIFTH CAUSE OF ACTION
## BREACH OF WARRANTY

21. Plaintiff re-alleges and incorporates all foregoing paragraphs where material.

22. Defendant was the designer and manufacturer with of the tub grinder sold to Plaintiff as described above.

23. At the time of the sale of the tub grinder that is the subject of this lawsuit, Defendant knew of the particular purposes for which the tub grinder was to be used by Plaintiff. Plaintiff relied upon the skill and judgment of Defendant to select suitable goods for Plaintiff's purposes.

24. Defendant expressly and impliedly warranted that the tub grinder was merchantable, fit for Plaintiff's particular purposes, safe, and not defective, when in fact that tub grinder was not merchantable, not fit for Plaintiff's particular purposes, not safe, and was defective.

25. As a direct and proximate result of the above-described breaches of warranties by Defendant, Plaintiff sustained damages as set forth above.

## SIXTH CAUSE OF ACTION
## EXEMPLARY DAMAGES

26. Plaintiff re-alleges and incorporates the foregoing paragraphs where material.

27. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant knew before the sale that the tub grinder was defective and unsuitable for use by Plaintiff. Plaintiff is further informed and believes, and based on that information and belief alleges, that similar tub grinders had similar defects and that Defendant had knowledge of those defects before the sale of the tub grinder to Plaintiff.

28. Defendant had specific knowledge of the defects in the tub grinder, but withheld that knowledge from the Plaintiff and failed to warn it of the defects in the tub grinder.

Mueller Pallets, Inc v. Vermeer Corporation
Complaint
_____

29. Defendant's conduct was malicious and in reckless disregard of the rights of Plaintiff and by reason of that conduct, Plaintiff requests that exemplary damages be assessed against Defendant in an appropriate amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff requests judgment against Defendant for:

1. Compensatory damages as described above, together with all other damages Plaintiff sustains as a proximate and direct result of the acts or omissions of Defendant;
2. Exemplary damages in an amount to be determined by the trier of fact;
3. Reasonable attorneys' fees, if applicable;
4. Costs of suit, pre-judgment and post-judgment interest and;
5. Such further relief as the court deems just and equitable.


Dated this 27th day of February, 2009.

           **Johnson, Miner, Marlow Woodward, & Huff, Prof. LLC**

           _____
           Michael F. Marlow
           200 W. 3rd St.
           PO Box 667
           Yankton, SD 57078
           (605)665-5009

           Attorney for the Plaintiff