UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



*********************************************************************

| | | |
|---|---|---|
| MUELLER PALLETS, LLC, | * | CIV 09-4016 |
| Plaintiff, | * | MEMORANDUM OPINION |
| | * | AND ORDER RE: MOTION |
| vs. | * | TO DISMISS |
| VERMEER CORPORATION, | * | |
| Defendant. | * | |

*********************************************************************

Pending before the Court is Defendant Vermeer Corporation's Motion to Dismiss. Doc. 8. Plaintiff, Mueller Pallets, LLC, filed an amended complaint (Doc. 5) in this diversity action alleging breach of contract for the purchase of a tub grinder, breach of contract on an agreement to remedy and repair existing defective conditions and extend the warranty on the tub grinder, negligence in design of the tub grinder, strict liability for defects in the manufacture of the tub grinder, breach of warranty, and exemplary damages for withholding knowledge of the defects in the tub grinder.

Plaintiff alleges in its amended complaint that it did not know that the tub grinder was unsuitable for grinding waste wood products at the time it accepted delivery and that the defects in the tub grinder could not have been reasonably discovered by Plaintiff at the time of delivery. Plaintiff further alleges that the tub grinder has substantial defects in design and manufacture, including severe and abnormal vibrations, a defective display screen, holes in cylinders, broken latches, cracking of defective metal components and other defects which have rendered the tub grinder unusable. On May 21, 2008, Plaintiff and Defendant entered into a contract whereby Defendant agreed to remedy and repair existing defective conditions and extend the warranty on the tub grinder.

In moving to dismiss, Defendant relies upon and attaches a "USED Equipment EXTENDED

SPECIAL CIRCUMSTANCES Limited Warranty Rider,"("Extended Agreement"). This Extended Agreement provides that Defendant agrees to provide coverage under its Standard Limited Warranty for one year beyond the August 8, 2008 expiration date of the Standard Limited Warranty or 2000 hours, whichever comes first. The Extended Agreement further provides:

> In consideration of the Warranty Extension being granted by Vermeer Corporation, the undersigned customer [Plaintiff] does hereby release Vermeer Corporation and its authorized dealers from any and all claims, demands and causes of action, whatsoever, which the undersigned had or is alleged to have had in connection with the purchase or operation of the above-described equipment. I understand the above terms and conditions of Used Equipment Extended Special Circumstances Limited Warranty and accept them with my signature below. I also agree to provide service records or other documentation upon request by Vermeer or an authorized Vermeer dealer.

The Extended Agreement was apparently executed in South Dakota. Under South Dakota law, "[a] contract must be construed in accordance with the law of the place where made unless it is shown that it was the intention of the parties to be bound by the law of some other place." *Briggs v. United Services Life Ins. Co.*, 80 S.D. 26, 117 N.W.2d 804, 807 (1962). Since the final step to complete the release, the execution of the that document, apparently occurred in South Dakota, South Dakota law applies in the construction of the release. *See Pinnacle Pizza Co., Inc. v. Little Caesar*, 560 F.Supp.2d 786, 792 (D.S.D. 2008)(Michigan law applied when releases executed in Michigan). Both parties cite to South Dakota law as support for their positions.

General Principles in Considering Rule 12(b)(6) Motions

In considering a motion under Rule 12(b)(6) the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007), *cited in Data Mfg., Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. at 1964-65 (internal citations omitted). The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief. *Id.* at 1965 (internal citations omitted); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). Although Plaintiff need not provide specific facts in support of its allegations, *see Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (per curiam), it must include sufficient factual information to provide the "grounds" on which its claim rests, and to raise a right to relief above a speculative level. *Twombly*, 127 S.Ct. at 1964-65 & n3. Although Federal Rule of Civil Procedure 8 may not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim must have facial plausibility to survive a motion to dismiss. *Id.* Determining whether a claim has facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 129 S.Ct. at 1950.

In deciding a motion to dismiss, this Court may consider the complaint and documents the contents of which are alleged in the complaint and whose authenticity is not questioned by a party, even if the document was not physically attached to the complaint. *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003); *see also, Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). Since the amended complaint in this action references the agreement to extend the warranty, and the Plaintiff does not challenge the authenticity of the agreement provided by Defendant, the Court is able to consider the same in deciding this motion to dismiss. The Plaintiff in resisting the motion to dismiss submitted an Affidavit of Henry Mueller. Doc. 15. The Court will not consider this affidavit in deciding the motion and will not convert the motion to dismiss to a motion for summary judgment.

## WHETHER THE RELEASE IN THE EXTENDED AGREEMENT ENTITLES DEFENDANT TO PREVAIL ON ITS MOTION TO DISMISS?

Releases are contractual agreements and their interpretation. presents a question of law. *Fenske Media Corp. v. Banta Corp.*, 676 N.W.2d 390, 393 (S.D. 2004).Where possible, the Court will give meaning to all the provisions of a contract. *Id.*

In its second cause of action Plaintiff alleges: "Defendant has not performed material portions of the extended warranty agreement, such as rerouting hydraulic lines, and, as a result, the extended warranty agreement should be rescinded and rendered of no force or effect." Settlements and releases are contractual agreements which are subject to rescission under the same grounds as any other contract. *See Parkhurst v. Burkel*, 544 N.W.2d 210 (S.D.1996).

S.D.C.L. § 53-11-2 provides:

A party to a contract may rescind the same in the following cases only:

(1) If consent of the party rescinding or of any party jointly contracting with him was given by mistake or obtained through duress, fraud, or undue influence exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party;
(2) If through fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part;
(3) If the consideration becomes entirely void from any cause;
(4) If such consideration before it is rendered to him fails in a material respect from any cause; or
(5) By consent of all the other parties.

In interpreting S.D.C.L. § 53-11-2, the South Dakota Supreme Court has held that a rescission is not generally permitted for casual, technical, or unimportant breaches of the contract, but that the breach must be substantial and relate to a material part of the parties' contract. *S & S Trucking v. Whitewood Motors, Inc.*, 346 N.W.2d 297, 300 (S.D. 1984); *Kary v. Arnold*, 252 N.W.2d 326 (S.D.1977); *Dusek v. Reese*, 80 S.D. 96, 119 N.W.2d 656 (1963).

Assuming the factual allegations of Plaintiff's complaint to be true and construing the same in favor of the Plaintiff, Plaintiff has established that through the fault of Defendant the consideration for the Extended Agreement has failed in whole or in part and that Defendant has caused a substantial and material breach of the Extended Agreement. Accordingly, Plaintiff has raised above a speculative level a right to relief for rescission of the release contained in the Extended Agreement. The motion to dismiss is denied based on the determination that Plaintiff has adequately plead a right to relief for rescission of the release.

The Court further notes that even if Plaintiff is eventually unsuccessful in establishing its right to rescission, the language of the release is not so broad that Plaintiff would necessarily be unable to overcome the release with regard to its cause of action for breach of contract on the agreement to remedy and repair existing defective conditions and extend the warranty on the tub grinder. S.D.C.L. §20-7-11 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The release in this case would not preclude all claims that arose after the execution of the release as the language specified "all claims, demands and causes of action, whatsoever, which the undersigned *had* or is alleged to *have had* in connection with the purchase or operation" of the tub grinder.[1] Accordingly,

IT IS ORDERED that Defendant Vermeer Corporation's Motion to Dismiss (Doc. 8) is denied.

Dated this 0 day of November, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: 
  Deputy

---

[1] *Compare Fenske Media Corp. v. Banta Corp.*, 676 N.W.2d 390, 392 (S.D. 2004)(Plaintiff was unable to overcome the broad language of a release in which Plaintiff released the defendant "from any and all claims, liabilities, obligations, and causes of action of any kind, whether known or unknown, which[plaintiff] may now or hereafter possess which in any way relate to any goods or services provided ... prior to the Effective Date").