UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 22 2011

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MUELLER PALLETS, LLC, | \* | CIV 09-4016 |
| Plaintiff, Counter-Defendant, | \* | MEMORANDUM OPINION |
| | \* | AND ORDER RE: MOTION |
| vs. | \* | FOR LEAVE TO AMEND |
| | \* | ANSWER AND COUNTERCLAIM |
| VERMEER CORPORATION, | \* | |
| Defendant., Counter-Plaintiff. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant Vermeer Corporation's Motion for Leave to Amend Answer and Counterclaim (Doc. 73). Specifically, Defendant seeks to amend its Answer and Counterclaim to assert Count IV, Breach of Contract - Settlement Agreement based on a May 21, 2008 agreement. This agreement is set forth in Plaintiff Mueller Pallets' second cause of action in its Second Amended Complaint. For the reasons set forth below, Defendant's motion to amend is denied.

Rule 15 of the Federal Rules of Civil Procedure provides: "The court should freely give leave [to amend] when justice so requires." However, the Eighth Circuit Court of Appeals has stated, "The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). In a case where a district court has already filed a final scheduling order, a party seeking to amend its pleadings after the deadline specified in the order must show good cause. FED. R. CIV.P. 16(b)(4); *Ray v. American Airlines, Inc.*, 609 F.3d 917, 927 (8th Cir. 2010); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999).

This action was commenced on February 17, 2009. The April 29, 2010 Amended Rule 16 Scheduling Order (Doc. 37) provided that the Plaintiff have until April 26, 2010, and the Defendant have until May 26, 2010, to move to join additional parties and to amend their pleadings. Defendant's motion to amend was filed more than four months after this deadline. At all times the May 2008 agreement has been a component of this litigation. One of Defendant's attorneys states,

"Vermeer has throughout this case denied that it breached its obligations under the settlement agreement." Doc. 82. Counsel states that his review and analysis of the transcripts of the August 25 and 26, 2010 depositions of Henry Mueller and Margie Mueller and the deposition transcripts of non-party fact witnesses from Vermeer High Plains led him to conclude that their testimony "was so strong that it supports a good faith counterclaim by Vermeer that Plaintiff breached its obligations under the settlement agreement by filing this lawsuit." Doc. 82. In Vermeer's reply brief another of Defendant's attorneys states that "it was not until after these depositions were conducted that Vermeer discovered that the testimony by the Muellers and Vermeer High Plains was so strong that it was sufficient to support a good faith counterclaim by Vermeer that Plaintiff breached its obligations under the settlement agreement by filing this lawsuit." Doc. 107. Defendant never asserts that it was unable to file a timely counterclaim. It merely presents a situation in which a party, more than three months after the amendment deadline has passed, made a favorable analysis of the strength of a counterclaim it could have, but did not, bring before the amendment deadline. This situation does not constitute good cause under FED. R. CIV. P. 16(b)(4) for allowing the requested amendment. Accordingly,

IT IS ORDERED that Defendant Vermeer Corporation's Motion for Leave to Amend Answer and Counterclaim (Doc. 73) is denied.

Dated this 18th day of March, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
Deputy

2