

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MUELLER PALLETS, LLC, | \* | CIV 09-4016 |
| Plaintiff, Counter-Defendant, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER RE: SUMMARY JUDGMENT |
| VERMEER CORPORATION, | \* | |
| Defendant., Counter-Plaintiff. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Vermeer Corporation filed a Motion for Summary Judgment. Doc. 72. The motion addresses all of the remaining causes of action in Plaintiff's Second Amended Complaint. Those causes of action include an alleged breach of an August 2007 contract for the purchase of a tub grinder, an alleged breach of a May 21, 2008 agreement for which Plaintiff seeks rescission, and an alleged breach of express and implied warranty regarding the tub grinder.[1] Plaintiff has resisted the motion (Doc. 97) and Vermeer has submitted a reply. Doc. 110. The parties have submitted supplemental briefs (Doc. 138, 144) and the Court has considered the relevant documents, authorities, and the parties' oral arguments at the pretrial motions hearing.

Principles of Summary Judgment

Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and

---

[1] Earlier in the case, the parties stipulated that Count Three (negligence), Count Four (strict liability), and Count Six (exemplary damages) of Plaintiff's Second Amended Complaint would be dismissed. Doc. 46, 47.

its entitlement to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

## FACTUAL BACKGROUND

Plaintiff Mueller Pallets, LLC, is engaged in the business of manufacturing and repairing wood pallets as well as recycling wood waste into wood chips. Plaintiff's principal place of business is located at Tea, South Dakota. Plaintiff has been in this business for over 30 years and employees 26 people. Defendant Vermeer Manufacturing Company is an Iowa corporation that manufactures and sells tub grinders for the grinding of waste wood products to its independent authorized dealers. On August 8, 2007, Plaintiff purchased a model TG5000 S/N 116 tub grinder from Vermeer High Plains, Vermeer's local dealer, at a cost of $482,560.00. Plaintiff's old tub grinder, a TG5000 S/N 108 tub grinder, had burned up and Vermeer High Plains was trying to get a replacement for the earlier tub grinder.

The model TG5000 tub grinder came with a Limited Warranty for Industrial Equipment. The Limited Warranty provided that Vermeer repair or replace any defects in material or workmanship arising during the first year or first 1000 hours of operation. This Limited Warranty also contained the following **EXCLUSIONS OF WARRANTIES** on the back of the Limited Warranty :

> EXCEPT FOR THE WARRANTIES EXPRESSLY AND SPECIFICALLY MADE HEREIN, VERMEER MAKES NO OTHER WARRANTIES, AND ANY POSSIBLE LIABILITY OF VERMEER HEREINUNDER IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS, OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. VERMEER RESERVES THE RIGHT TO MODIFY, ALTER AND IMPROVE ANY PRODUCT WITHOUT INCURRING ANY OBLIGATION TO REPLACE ANY PRODUCT PREVIOUSLY SOLD WITH SUCH MODIFICATION. NO PERSON IS AUTHORIZED TO GIVE ANY OTHER WARRANTY, OR TO ASSUME ANY ADDITIONAL OBLIGATION ON VERMEER'S BEHALF.

Although the owner of the tub grinder was supposed to sign the Limited Warranty, and acknowledge having read, understood and agreed to the terms and conditions of the Limited Warranty Statement on the back of the document, Jeff Naaktgeboren, from the local dealership, forged Henry Mueller' signature on the Limited Warranty and dated the Limited Warranty August 31, 2007.

Vermeer High Plains also negotiated with Vermeer a two-year or 2000 hours parts warranty for Plaintiff at no additional cost. Jeff Naaktgeboren also forged Henry Mueller' signature on the extended limited warranty for parts. After Vermeer delivered the tub grinder Plaintiff received a copy of the Vermeer University Resource Library. This Resource Library contained the owner's manual, hundreds of pages of other documents, and the Limited Warranty.

During the first eight month that Plaintiff owned the tub grinder Vermeer High Plains submitted eleven warranty claims to Vermeer concerning the tub grinder. In May of 2008 Plaintiff and Vermeer entered into a settlement agreement. In a letter dated May 21, 2008, Vermeer offered to extend a "special circumstance" arrangement pertaining to the tub grinder in issue. Vermeer offered: 1. To have its independent authorized dealer, Vermeer Equipment of South Dakota, perform five listed services pursuant to the terms of Vermeer's Limited Warranty; 2. To provide an extended parts and labor warranty of two years/20000 hours from the original date of sale at no additional cost to Plaintiff; 3. To issue a credit to Vermeer Equipment of South Dakota in the amount of $15,000 to be passed on to Plaintiff "as either store credit, or cash for the purchase of [Plaintiff's] drum assembly that is currently in the TG5000 today;" 4. To place an HPTO-Clutch pack and a Duplex Drum assembly at the Vermeer dealership on consignment for the period of Plaintiff's warranty; and 5. To provide Plaintiff with a TG7000 with loader while repairs were being made on the TG5000. Both Henry and Marge Mueller, as Manager and Assistant Manager of Plaintiff, affixed their signatures on and accepted the offer on May 23, 2008.

The agreement required that in order to obtain the extended warranty referenced in the May 21, 2008 letter, Plaintiff complete and sign the Extended Special Circumstances Limited Warranty Rider. The last paragraph of that document provides:

> In consideration of the Warranty Extension being granted by Vermeer Corporation, the undersigned customer does hereby release Vermeer Corporation and its authorized dealers from any and all claims, demands and causes of action, whatsoever, which the undersigned had or is alleged to have had in connection with the purchase or operation of the above-described equipment. I understand the above terms and conditions of Used Equipment Extended Special Circumstances Limited Warranty and accept them with my signature below.

Both Margaret and Henry Miller signed the Extended Special Circumstances Limited Warranty Rider

3

on May 23, 2008.

The business records reflect that in a 14- month period, Vermeer High Plains worked on the tub grinder at least 50 times. Henry Mueller, the assistant manager of Plaintiff contends that the tub grinder continued to have significant vibration problems that made it unsafe and unsuitable for operations. Because he felt the problems with the tub grinder posed a safety risk to Plaintiff's employees, Plaintiff stopped using the tub grinder in October of 2008. Plaintiff commenced this action against Vermeer when it filed its Complaint on March 12, 2009.

## I.
## WHETHER VERMEER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF THE AUGUST 2007 CONTRACT FOR THE PURCHASE OF A TUB GRINDER?

Vermeer contends that it is entitled to summary judgment on the breach of contract claim regarding the purchase of the tub grinder because this claim was waived by the implied warranty disclaimer, and because this claim was expressly released by the May 2008 settlement agreement. Vermeer also contends it is entitled to summary judgment for breach of the August 2007 contract because Plaintiff entered in to the 2007 contract with Vermeer's independent authorized dealer, Vermeer High Plains, not with Defendant Vermeer Corporation.

In resisting summary judgment Plaintiff contends that Vermeer and its dealer, Vermeer High Plains, entered into a contract relative to the purchase of the grinder by Vermeer High Plains knowing that Vermeer High Plains intended to immediately sell the grinder to Plaintiff, and that Vermeer High Plains negotiated the extended parts warranty with Vermeer on behalf of Plaintiff. Plaintiff maintains it is entitled to enforce the purchase contract between Defendant Vermeer and Vermeer High Plains as a third party beneficiary. The Consumer Retail Purchase Order & Security Agreement lists the seller as Vermeer Equipment - South Dakota. Plaintiff relies upon S.D.C.L. § 53-2-6 as authority for its third party beneficiary theory. This statute provides: "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."

In its original response to the motion for summary judgment Plaintiff stated:
> Although no representative of Vermeer has yet been deposed, it can be inferred from the fact that Naaktgeboren specifically negotiated the two year parts warranty for

4

> Mueller with Vermeer that Vermeer knew that Vermeer High Plains would immediately sell the grinder to Mueller. Consequently, there are certainly factual issues with respect to whether Vermeer High Plains and Vermeer intended Mueller to be a beneficiary of the contract, thereby giving Mueller the right to enforce those contract terms.

Doc. 97, p. 19.

After representatives of Vermeer were deposed, Plaintiff submitted a supplemental brief in support of its resistance to Vermeer's motion for summary judgment. Doc.138. Neither the supplemental brief nor the accompanying supplemental affidavits and exhibits address the third party beneficiary contract theory relied upon by Plaintiff in resisting summary judgment. The breach of contract cause of action set forth in the first cause of action references that "[o]n or about August 30, 2007, Plaintiff and Defendant entered into contract by which Plaintiff agreed to purchase and Defendant agreed to sell a model TG-5000 tub grinder (s/n 116) for the price of $484.560.00 (including sales tax)." Plaintiff did not plead breach of contract based on a third party beneficiary theory. Plaintiff cannot now rely on S.D.C.L. § 53-2-6 and a third party beneficiary theory to avoid summary judgment on the breach of contract cause of action it plead in its first cause of action. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312 (11th Cir. 2004) (non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion). Vermeer is entitled to summary judgment on the breach of contract cause of action based on the tub grinder purchase.[2]

II..

WHETHER VERMEER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR RESCISSION OF THE MAY 21, 2008 SETTLEMENT AGREEMENT?

---

[2] The Court is aware that the district court in *Braun v. E. I. Du Pont De Nemours and Co.*, Civ. 04-1007, 2006 WL 290552, at *10 (D.S.D. Feb. 7, 2006), denied summary judgment on breach of contract claims when the defendant claimed a lack of privity between the plaintiff and the defendant for a contract between the plaintiff and the defendant's authorized dealer. Those breach of contract claims, however, apparently arose from express or implied warranties, and the issue was decided based on S.D.C.L. § 57A-2-318, which extends warranty protection to any person who may reasonably be expected to use the goods and be injured by a breach of the warranty.

In Plaintiff's Second Cause of Action for Breach of Contract (Repairs and Extended Warranty), Plaintiff acknowledges that it agreed to waive claims against Defendant that existed at the time of the extended warranty agreement. Plaintiff, in this cause of action, however, contends that the extended warranty agreement should be rescinded and rendered of no force or effect because Defended failed to perform material portions of the extended warranty agreement, such as rerouting hydraulic lines. Vermeer contends that the May 2008 settlement agreement was a binding and enforceable agreement, that Vermeer satisfied its obligations under the May 2008 settlement agreement and that Vermeer is entitled to summary judgment against Plaintiff on any and all claims arising up to the time the May 21, 2008 Settlement Agreement was executed.[3]

The parties appear to be in agreement that South Dakota law applies to this case. Settlements and releases are contractual agreements which are subject to rescission under the same grounds as any other contract. *See Parkhurst v. Burkel*, 544 N.W.2d 210 (S.D. 1996). Rescission of compromise agreements, however, "is an equitable remedy, which should only be granted in extraordinary circumstances." *Sejnoha v. City of Yankton*, 622 N.W.2d 735, 739 (S.D. 2001). In addition, "rescission is not generally permitted for casual, technical, or unimportant breaches of the contract. The breach must be substantial and relate to a material part of the contract." *S & S Trucking v. Whitewood Motors, Inc.*, 346 N.W.2d 297, 300 (S.D. 1984); *Dusek v. Reese*, 80 S.D. 96, 119 N.W.2d 656 (1963). Since the equitable relief of rescission of a contract is extraordinary, it should never be granted, except where the evidence is clear and convincing. *Mattson v. Rachetto*, 591 N.W.2d 814, 818 (S.D. 1999).

In resisting summary judgment Plaintiff contends that the Settlement Agreement should be rescinded based on mistake of fact, fraud, and failure of consideration.

S.D.C.L. § 53-11-2 provides in relevant part:

---

[3]S.D.C.L. § 20-7-11 provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." In denying Vermeer's earlier motion to dismiss this Court concluded that the release in this case would not preclude all claims that arose after the execution of the release as the language specified "all claims, demands and causes of action, whatsoever, which the undersigned *had* or is alleged to *have had* in connection with the purchase or operation" of the tub grinder.

> A party to a contract may rescind the same in the following cases only:
>> (1) If consent of the party rescinding or of any party jointly contracting with him was given by mistake or obtained through duress, fraud, or undue influence exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party; (2) If through fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part;
>> . . . .

Mistake of Fact and Fraud

S.D.C.L. § 53-4-1(4) provides that, "an apparent consent is not real or free and is voidable when obtained through ... mistake."S.D.C.L. § 53-4-2 provides however that "[c]onsent is deemed to have been obtained through duress, fraud, undue influence, or mistake, only when it would not have been given except for one or more of them." To render consent voidable the mistake of fact must not be caused by the neglect of a legal duty on the part of the person making the mistake. It may consist of an unconscious ignorance of a past or present fact that is material to the contract, or a belief in the existence of a thing material to the contract which does not now exist or has not in the past existed. S.D.C.L. § 53-4-9.

Plaintiff argues that as a result of Naaktgeboren's forgery, Mueller was unaware that an extended parts warranty already existed when it negotiated the Settlement Agreement and was unaware of this fact until Vermeer produced the forged documents in discovery in this action. Both Henry and Margaret Mueller have stated in their affidavits that they agreed to the settlement agreement in large part based on their ignorance of the existence of an already existing extended parts warranty and because they were concerned about the significant repair bills that Plaintiff would face when what they believed to be a limited warranty would expire.

Vermeer in its reply in support of motion for summary judgment produced an Optional Extended Limited Warranty (Customer Application) signed by Margaret Mueller on June 18, 2007, which requests the option of a 24-month parts-only extended limited warranty coverage option, and an Optional Extended Limited Warranty that contained the parts-only extended limited warranty regarding the earlier purchased S/N 108 TG5000 tub grinder. Vermeer also references Henry Mueller's deposition testimony in which Henry Mueller testified that the warranty that accompanied the S/N 108 TG5000 tub grinder was the same as the warranty that accompanied the S/N 116 TG5000 tub grinder

7

that is the subject of this lawsuit. Although the Court, in reviewing the entirety of Mueller's deposition and the other relevant portions of the record, determines there are questions of fact as to Mueller's knowledge of the details of the forged Limited Warranty at the time of the sale, the Court does not conclude that the forgery of the Limited Warranty prevented the Plaintiff from ascertaining the length of an already existing parts warranty before entering into the Settlement Agreement. After considering all the facts and circumstances of this case, this Court concludes that the Plaintiff's unilateral mistake regarding the already existing parts warranty does not constitute the extraordinary circumstances which would justify the extraordinary remedy of rescission of a settlement agreement.

Plaintiff argues that because Naaktgeboren, who is Vermeer's dealer, specifically negotiated the two year parts warranty with Vermeer, Vermeer's knowledge of the fact that Mueller already had a two year extend parts warranty at the time of the negotiations can be inferred. Plaintiff contends Naaktgeboren is represented by Vermeer's counsel in this case, and Plaintiff further argues that since Naaktgeboren actively participated in the settlement negotiations but did not mention the existence of the extended warranty to Mueller, it is reasonable to infer that Vermeer concealed the fact that Mueller already had an extended parts warranty to induce Mueller to sign the Settlement Agreement. Consequently, Plaintiff argues, issues of fact exist with respect to whether Plaintiff may rescind the Settlement Agreement based on Vermeer's fraud.

S.D.C.L. § 53-4-5 provides:
> Actual fraud in relation to contracts consists of any of the following acts committed by a party to the contract, or with his connivance, with intent to deceive another party thereto or to induce him to enter into the contract:
>> (1) The suggestion as a fact of that which is not true by one who does not believe it to be true;
>> (2) The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true;
>> (3) The suppression of that which is true by one having knowledge or belief of the fact;
>> (4) A promise made without any intention of performing it; or
>> (5) Any other act fitted to deceive.
>
> Actual fraud is always a question of fact.

"[F]raud is never presumed nor lightly inferred," and "the burden of establishing fraud rests on the party who seeks to rely on it for affirmative relief." *Smith v. Hermsen*, 572 N.W.2d 835, 840 (S.D.

1997). In addition, the Court after having given Plaintiff the benefit of all reasonable inferences to be drawn from the facts in this case, does not find a genuine issue of fact with regard to whether Vermeer acted on its own or connived with Naaktgeboren to commit an act of fraud or to induce Plaintiff to enter into the Settlement Agreement. Vermeer is entitled to summary judgment on the fraud theory of the rescission cause of action.

Failure of Consideration

Plaintiff contends it is entitled to rescission under S.D.C.L. § 53-11-2(2). This statutory provision allows a contracting party to rescind a contract "[i]f through fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part." Plaintiff contends that there was a failure of consideration with regard to the three provisions of the May 21, 2008 Settlement Letter. Provision 1b of the letter called for Vermeer to "Review and evaluate the hose routings on this machine and reroute or replace any hoses that may have been damaged due to routing issues. Hoses that show signs of wear from normal operation will be reviewed by both parties and decisions made then whether to replace." Henry Mueller states in his Affidavit that although work was done to repair and reroute some of the hoses, the hoses were not rerouted in a satisfactory manner. In Mueller's deposition he stated there were hoses that should have been replaced or rerouted and that work was not done.

In addition, Plaintiff contends that there was a failure of consideration because Vermeer failed to fix the vibration problem on the tub grinder. There is no specific provision in the settlement agreement regarding the vibration issue. However, the settlement agreement does provide for an extended parts and labor warranty regarding the tub grinder, and Plaintiff has presented evidence that the vibration issue allegedly could not be remedied. Although these issues provide a basis for a claim of breach of warranty, the Court concludes that the alleged failure to conduct the required work on the hoses and vibration issues does not constitute the extraordinary circumstances which would justify the extraordinary remedy of rescission of a settlement agreement and Vermeer is not entitled to summary judgment on the rescission cause of action regarding these matters.

Plaintiff also contends that there was a failure of consideration because Vermeer refused to give Plaintiff any cash back from the $15,000 credit referenced in the Settlement Agreement. The relevant provision of the Settlement Agreement states: "Vermeer Corporation will issue a credit to Vermeer

Equipment of South Dakota in the amount of $15,000.00. This is to be passed on to you as either store credit, or cash for the purchase of your duplex drum assembly that is currently in the TG5000 today." Plaintiff contends that it was only allowed to use the $15,000.00 as credit for buying parts from Vermeer Equipment when Plaintiff wished to have the cash up front. Henry Mueller testified, however, that Plaintiff never needed a duplex drum assembly. Although Plaintiff contends it could have received parts at a better price elsewhere, Plaintiff still received parts in the amount of $15,000. The Settlement Agreement never allowed for cash up front. It allowed a $15,000 parts credit or $15,000 for the purchase of a duplex drum assembly. There is no genuine issues of fact with regard to whether the there was a failure of consideration concerning the $15,000.00 credit. For the reasons stated above, Vermeer is entitled to summary judgment on all of Plaintiff's rescission claims.

### III.
### WHETHER VERMEER IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF WARRANTY CAUSE OF ACTION?

In Plaintiff's fifth cause of action Plaintiff alleges that Vermeer "expressly and impliedly warranted that the tub grinder was merchantable, fit for Plaintiff's particular purposes, safe, and not defective, when in fact that tub grinder was not merchantable, not fit for Plaintiff's particular purposes, not safe, and was defective." Doc. 33. Vermeer contends that all implied warranty claims were explicitly and conspicuously disclaimed in writing, entitling Vermeer to summary judgment on all implied warranty theories. Vermeer contends that it is undisputed that it fulfilled its obligations under the express warranty.

<u>Implied Warranties</u>

S.D.C.L. § 57A-2-314 provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." For goods to be merchantable they must be "fit for the ordinary purposes for which such goods are used." S.D.C.L. § 57A-2-314(2)(c). S.D.C.L. § 57A-2-315 also provides for an implied warranty of fitness if "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." The Uniform Commercial Code, however, allows a contract to exclude these implied warranties. S.D.C.L.

§ 57A-2-316(2) provides in relevant part that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous."

Under South Dakota law, disclaimers of warranty are to be strictly construed against the seller or manufacturer. *See James River Equip. Co. v. Beadle Cnty. Equip., Inc.*, 646 N.W.2d 265, 270 (S.D. 2002); *Pearson v. Franklin Labs., Inc.*, 254 N.W.2d 133, 142 (S.D. 1977). Although the language in the disclaimer of implied warranties may be sufficient to exclude implied warranties under different circumstances, the fact that Jeff Naaktgeboren forged Henry Mueller' signature on the Limited Warranty at the time of sale is critical in this case. Generally, a seller cannot unilaterally exclude implied warranties and there must be an agreement between the seller and buyer on this matter. *See generally* 3A LAWRENCE'S ANDERSON ON THE UNIFORM COMMERCIAL CODE § 2-316:43 (3d ed. 2009). *See also Rynders v. E.I. Du Pont, De Nemours & Co.*, 21 F.3d 835, 840 (8th Cir. 1994) (South Dakota, "has indicated that disclaimers must be explicitly negotiated between the buyer and seller.") While Plaintiff received the owner's manual and Limited Warranty when Vermeer delivered the tub grinder, a disclaimer contained in documents provided to the buyer after the sales contract is signed is generally not binding on the buyer. *See* 3A LAWRENCE'S ANDERSON ON THE UNIFORM COMMERCIAL CODE § 2-316:46 (3d ed. 2009). In addition, the Court notes that the Limited Warranty in this case states, "This registration will not be acceptable if incomplete or falsified in any way."

Vermeer contends that because Plaintiff received the same warranty on his previous two tub grinders, Plaintiff had actual knowledge of Vermeer's warranty, and the prior transactions between Plaintiff and Vermeer created a course of dealing requiring enforcement of the implied warranty disclaimers. Although S.D.C.L. § 57A-2-316(3)(c) recognizes that an implied warranty can be excluded by a course of dealing, whether a custom or usage of trade exists to exclude an implied warranty is a question of fact. *See* 3A LAWRENCE'S ANDERSON ON THE UNIFORM COMMERCIAL CODE § 2-316:68 (3d ed. 2009). Genuine issues of material fact exist with regard to this matter.

Vermeer's characterization of Henry Mueller's actual knowledge of the warranty at the time of sale is subject to challenge when the entire record, including Mueller's affidavit, is considered. While Mueller could read and understand the exclusion of warranties when presented to him at his

deposition, he also expressed a lack of memory and knowledge of the details of Vermeer's warranty, and it is undisputed he did not sign the warranty containing the disclaimer in issue. Vermeer is not entitled to summary judgment on Plaintiff's implied warranty cause of action.

Express Warranty

Vermeer maintains there was no breach of warranty because it responded to Plaintiff's warranty claims in a timely and effective manner. The records produced by Vermeer reflect that 13 actual warranty claims were processed by Vermeer for parts and labor on the tub grinder. Plaintiff claims that dozens of other repairs were made to the tub grinder that were not documented as actual warranty claims, and that the dealer worked on the tub grinder over 50 times in a 14-month period. Plaintiff does not dispute that Vermeer provided labor and parts to Plaintiff under its warranty. Plaintiff contends, however, that since Vermeer was unable to fix the tub grinder so that it could be safely used, the warranty failed of its essential purpose. Plaintiff contends that the tub grinder has continued to have significant vibration problems making it unsafe and unsuitable for operation before and after Plaintiff signed the Settlement Agreement. The numerous problems with the tub grinder have included a broken strap on a discharge conveyor, cracking on the tub lid and discharge conveyor, grapple cylinder leakage, cracking around the access panel and tub braces, cylinders that extend the tub bowl outward ripping out of the tub bowl, seam splits on the side of the tub bow, continuous turning of the drum, pins breaking on the grapple, hoses rubbing through due to contact with the frame, conveyor problems, and the tub cover refusing to open. The severe vibration issues recurred despite supposedly being fixed by Vermeer pursuant to the terms of its warranty. Plaintiff concluded that the tub grinder posed a safety risk to it employees after the operators' legs turned numb from the vibration, the metal in the tub would turn when the engine was not engaged, and logs were thrown out two to three hundred feet from the tub grinder's open bowl. Because of these problems and concerns Plaintiff stopped using the tub grinder in October of 2008. Plaintiff contends that at a minimum, Mueller's grinder should have been able to grind approximately 2,300 hours in the 14 months it was actually in use by Mueller, but that the grinder only operated for 1,254 hours.

S.D.C. L. § 57A-2-719(2) provides: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title." Vermeer relies on *Transport Corp. of America, Inc. v. International Bus. Machs. Corp., Inc.*, 30 F.3d 953 (8th Cir. 1994),

for the proposition that a repair or replace clause does not fail of its essential purposes so long as repairs are made each time a defect arises. This principle from *Transport Corp. of America* is based on Minnesota law. South Dakota law, however, in construing whether a warranty fails of its essential purpose, does not allow the manufacturer or its dealer to "'tinker with the article indefinitely in the hope that it may ultimately be made to comply with the warranty.'"*Johnson v. John Deere Co.*, 306 N.W.2d 231, 235 (S.D. 1981)(quoting *Beal v. General Motors Corp.*, 354 F.Supp. 423, 427 n.2 (D.Del. 1973)). Whether a warranty fails of its essential purpose is a question of fact for the jury. *Johnson v. John Deere Co.*, 306 N.W.2d at 235. Vermeer is not entitled to summary judgment on Plaintiff's cause of action for breach of express warranty on the grounds that Vermeer presents. Accordingly,

IT IS ORDERED:

1. That Vermeer is entitled to summary judgment regarding Plaintiff's cause of action for breach of contract for the purchase of the tub grinder;

2. That Vermeer is entitled to summary judgment regarding Plaintiff's cause of action for rescission of the May 2008 settlement agreement;

3. That Vermeer is not entitled to summary judgment regarding Plaintiff's cause of action for breach of implied warranty; and

4. That Vermeer is not entitled to summary judgment regarding Plaintiff's cause of action for breach of express warranty.

Dated this 23rd day of September, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
        Deputy

13